BEFORE THE FIRST DIVISION, DECEMBER 2, 1938

No. 39986.—Protest 894004–G of Western Novelty Co. (Los Angeles).

SULLIVAN, Judge: The pertinent portion of this protest reads as follows:

All the merchandise assessed at 50% plus 1¢ each par. 1527, should be classified at 60% par. 1552.

At the opening of the trial plaintiff's counsel called the court's attention to the fact that they had filed a motion to amend the protest.   This proposed amendment is as follows:

That the liquidation of the proposed merchandise was illegal, null, and void in that the collector did not indicate under what provisions of law or under what laws the merchandise was classified and duty or taxes exacted.   He has exacted a tax or duty of 3 cents per pound on the protested merchandise but has shown no provisions of law wherein such tax was levied.   The same is true of the other taxes and duties levied on this merchandise.   The importer is entitled to the information as to the law or laws under which an exaction is made.

The Government objected to the proposed amendment on the ground that it constituted an entirely new cause of action.   Judge Evans, who presided at the trial at Los Angeles, ruled as follows:

I think I will overrule the objection, and if I am wrong the Division that passes on this subject can reverse me.   There is a division of the court on that point. The motion to amend is granted.

In view of *United States* v. *Macksoud*, 25 C. C. P. A. 44, T. D. 49041, we think Judge Evans was justified in granting the amendment, inasmuch as it is merely a new and additional claim, which might have been made in the original protest as to the merchandise covered thereby. It does not seek to amend the protest by adding thereto merchandise not covered by the protest originally, as was the case in *Monroe-Goldkamp* v. *United States*, 49 Treas. Dec. 421, T. D. 41423. The amendment will therefore stand.

The pertinent portion of the appraiser's report in this case, which, having been filed within the legal time, is part of the record, is as follows:

The merchandise covered by this protest consisted of parts of articles in chief value of metal designed to be worn or carried on the person. The parts also were in chief value of metal.

Samples of this merchandise are not in evidence. The foregoing vague description of the merchandise is supplemented by the invoice description—"25 grs. (2) Metal Lighter, (Yen) 3.50, (Yen) 87.50." On the back of the protest, however, is endorsed "Subject Cigarette Lighters" and on the entry appears "Table cigarette lighters." Apparently, therefore, the merchandise in question is cigarette lighters, or parts thereof.

On the invoice, over the description of the merchandise heretofore quoted, is written in red ink—"Parts of jewelry—P. 1527, 1¢ each+50." Below this and to the right is "+3¢ per lb."

On the entry appears the following: "Table cigarette lighters no infringements on copy and patent rights."

To the right of this description on the entry in red ink is—

3600 Pcs. @1¢ 36. 00
35# @3¢ 1. 05

"35#" evidently means "35 lbs."

It would seem, therefore, that the collector of customs at Los Angeles classified these metal lighters as parts of jewelry, and assessed duty thereon as such at one cent each, plus 50 percent ad valorem, plus 3 cents per pound, under paragraph 1527 of the Tariff Act of 1930. *Paragraph 1527* does not provide for a duty of three cents per pound on any of the merchandise covered thereby in addition to the rates specified in the paragraph.

The value of these parts of jewelry (and the presumption that they are parts of jewelry, which arises from the collector's classification, has not been overcome by plaintiff) as shown by the invoice is 3.50 yen per gross. A yen is worth a trifle under 29 cents United States currency, or was at the date of the invoice. This would make the value of a gross of these parts of jewelry about $1.05 in United States currency, or a trifle under 9 cents per dozen.

The provision under which these parts of jewelry were assessed reads—

PAR. 1527. (a) Jewelry, commonly or commercially so known, finished or unfinished (including parts thereof):

(1) Composed wholly or in chief value of gold or platinum, or of which the metal part is wholly or in chief value of gold or platinum, 80 per centum ad valorem;

(2) All other, of whatever material composed, valued above 20 cents per dozen pieces, 1 cent each, and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem: * * *

It is evident that these parts of jewelry were valued at less than 20 cents per dozen pieces, viz, about 9 cents per dozen; but it is not necessary that the *parts* of jewelry covered by paragraph 1527 (a) (2) should be valued above 20 cents per dozen pieces. The same is true of the parts of the other articles covered by paragraph 1527. (See *N. Shure Co.* v. *United States*, T. D. 47968, 68 Treas.

Dec. 537.) Therefore, the collector could not add, in addition to the 1 cent each and 50 percent ad valorem, the "three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen," and merely assessed duty on these parts at 1 cent each and 50 percent ad valorem under paragraph 1527. His reason for his assessment of 3 cents per pound on this merchandise does not appear in the record.

At the trial, Milo M. Mullin, United States appraiser at the port of Los Angeles, testified on behalf of the plaintiff. He was shown the consular invoice, and reference was made to item 27M351/L. He testified the writing on the invoice was placed there by a member of his staff, and that the writing on the entry was placed there by a member of the collector's staff; that the merchandise "was advisorily classified by the appraiser's force as parts of jewelry under paragraph 1527, at 1 cent each and 50 percent ad valorem, plus 3 cents per pound."

He was then asked whether he could state how the collector classified it, and answered:

From a copy of the summary sheet, apparently at 1 cent each and 50 percent ad valorem, and 3 cents per pound. I beg your pardon. I don't see any 50 percent ad valorem rate.

He was asked whether he could state from the invoice description what merchandise was covered by the merchandise in question, and answered:

Metal lighter. That is all I can tell from the advisory classification. I would say it was a cigarette lighter.

Mr. Mullin's testimony is not at all enlightening. All that he has stated can be gathered from the official papers.

Plaintiff's counsel ask in their brief:

Even if the advisory classification was adopted, under what statute was the 3 cents per pound duty levied?

Plaintiff must have known whether or not the advisory classification under paragraph 1527 of 1 cent each plus 50 percent ad valorem was adopted from the amount of duty paid. For the same reason he must have known whether the part of said advisory classification adding 3 cents per pound was adopted. It is not disclosed by the papers or by Mr. Mullin's testimony under what statute the 3 cents per pound was levied. But plaintiff has not introduced any proof to establish that the levy of 3 cents per pound was erroneous.

The Government states in its brief:

We are unable to find, after diligent search, any authority, statute, or regulation requiring the collector to set forth the provision of law under which assessments of duty are levied. It appears to us that if the importer were interested in the statute under which an assessment of duty was made, that he has merely to consult the liquidator in the collector's office in order to obtain this information.

The court also cannot find any such statute; if there was such it was for the plaintiff to call the court's attention thereto. Certainly the statute in the Tariff Act of 1930 relating to "Protest against collector's decisions" (section 514) does not require the collector to set forth the provision of law under which assessments of duty are levied. The court is of the same opinion as the Government "that if the importer were interested in the statute under which an assessment of duty was made, that he has merely to consult the liquidator in the collector's office in order to obtain this information."

It would seem to the court that the 3 cents per pound in question (which amounts to the small sum of $1.05) was levied by reason of the following provision of the Revenue Act of 1932:

All articles dutiable under the Tariff Act of 1930, not provided for heretofore in this paragraph, in which copper (including copper in alloys) is the component material of chief value, 3 cents per pound.

This provision is contained in title IV of said revenue act, section 601 (c) (7). Evidently this is the provision under which the 3 cents per pound was levied. The presumption necessarily follows that copper in alloys was the component material of chief value in the merchandise and therefore the assessment of 3 cents per pound was justified. The plaintiff has not attempted to dispute this fact.

The plaintiff has not introduced any proof of the erroneousness of this 3 cents per pound duty or tax. Being presumptively correct it will stand. The claim added by amendment "that the liquidation of the protested merchandise was illegal, null, and void," etc., is overruled.

As to the claim in the protest as originally filed that the merchandise "should be classified at 60% under paragraph 1552": This provision relates to smokers' articles and parts thereof, not specially provided for. Presumptively the merchandise was properly classified by the collector. Plaintiff has not attempted to overcome this presumption; nor have we a scintilla of proof to establish that these articles are smokers' articles of the kind covered by paragraph 1552.

The protest is overruled. Judgment for defendant.